IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PARK RESERVE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-0763-CV-W-ODS |
| | ) | |
| PEERLESS INSURANCE COMPANY | ) | |
| and HAWKEYE-SECURITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND FINDING AS MOOT DEFENDANT'S MOTION TO
EXCLUDE PLAINTIFF'S EXPERT**

Pending is Defendant Peerless Insurance Company's ("Defendant") Motion for
Partial Summary Judgment and Motion to Exclude Plaintiff Park Reserve LLC's
("Plaintiff") Expert.  Doc. #113, Doc. #115.  For the following reasons, Defendant's
Motion for Partial Summary Judgment is granted, and Defendant's Motion to Exclude
Plaintiff's Expert is deemed moot.

## I.     Background

The Court has reviewed the record.  The following facts are either uncontroverted
or controverted but construed in Plaintiff's favor.

Defendant issued a builder's risk insurance policy to Plaintiff for Plaintiff's
buildings C, D, E, G, and H (the "Subject Buildings").  Doc. #114-3, page 22.  The
applicable policy period was from January 15, 2011, to January 15, 2012.  *Id.* at page
19. The insurance policy has an endorsement, which provides Defendant will:

> cover direct physical loss caused by a covered peril to buildings and
> structures described on "the schedule of coverages" while in the course of
> rehabilitation or renovation including additions, alterations, improvements,
> or repairs.  This includes materials and supplies which will become a
> permanent part of the buildings and structures, attachments, and
> permanent fixtures.

Doc. #114-3, page 26.  Plaintiff never rehabilitated or renovated the Subject Buildings during the applicable policy period.  Doc. #114-7, pages 3-5.

## II.    Summary Judgment Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving the party the benefit of all inferences that may be reasonably drawn from the evidence.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

## III.    Discussion

The rules for interpreting contracts "apply to insurance contracts as well."  *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. 2007) (quotations omitted).  The key determination "is whether the contract language is ambiguous or unambiguous."  *Id*.  "Whether an insurance policy is ambiguous is a question of law." *Id*.  "Courts should not interpret policy provisions in isolation but rather evaluate policies as a whole."  *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. 2009) (quotation omitted).  A court gives all terms in an insurance contract "their plain and

2

ordinary meaning unless it is clear from the policy that the parties intended an alternate meaning." *Gavan v. Bituminous Cas. Corp.*, 242 S.W. 3d 718, 720 (Mo. 2008); *see also Farmland Indus., Inc. v. Republic Ins. Co.*, 941 S.W.2d 505, 508 (Mo. 1997).

An ambiguity "exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Ritchie*, 307 S.W.3d at 135 (quotation omitted); *see also Windsor Ins. Co. v. Lucas*, 24 S.W.3d 151, 153 (Mo. Ct. App. 2000). "Courts may not unreasonably distort the language of a policy or exercise inventive powers for the purpose of creating an ambiguity when none exists." *Todd*, 223 S.W.3d at 163; *see also Windsor Ins. Co.*, 24 S.W. 3d at 153. "[T]he fact the parties may disagree on the interpretation of a term or clause in an insurance policy does not create an ambiguity." *Windsor Ins. Co.*, 24 S.W. at 153 (citation omitted). If contract language is ambiguous, the Court construes the language in favor of the insured. *Todd*, 223 S.W.3d at 160. When insurance policies are unambiguous, "they will be enforced as written." *Id.*

An insurance policy is comprised of several essential provisions. *Id.* at 163. "Definitions, exclusions, conditions, and endorsements are necessary provisions in insurance policies." *Id.* If these provisions "are clear and unambiguous within the context of the policy as a whole, they are enforceable." *Id.*

Defendant issued a builder's risk insurance policy to Plaintiff for Plaintiff's Subject Buildings. Doc. #114-3, page 22. The applicable policy period was from January 15, 2011, to January 15, 2012. *Id.* at page 19. The insurance policy has an endorsement, which provides Defendant will:

> cover direct physical loss caused by a covered peril to buildings and structures described on "the schedule of coverages" <u>while in the course of rehabilitation or renovation</u> including additions, alterations, improvements, or repairs. This includes materials and supplies which will become a permanent part of the buildings and structures, attachments, and permanent fixtures.

Doc. #114-3, page 26 (emphasis added).

The Court finds the phrase "in the course of rehabilitation or renovation" is unambiguous. There is no indistinctness or uncertainty in the meaning of the language, nor is the language reasonably open to different interpretations. The Court gives the

3

language its plain and ordinary meaning. Thus, this phrase means buildings that are currently undergoing rehabilitation or renovation.

It is undisputed that Plaintiff never rehabilitated or renovated the Subject Buildings during the applicable policy period. Doc. #114-7, pages 3-5. Because no construction work was performed on the Subject Buildings during the applicable policy period, the insurance policy does not cover Plaintiff's alleged losses to the Subject Buildings during this time.

Plaintiff makes several arguments to avoid summary judgment, but the Court does not find any of them persuasive. First, Plaintiff argues that the phrase "in the course of rehabilitation or renovation" is undefined and ambiguous, and that the phrase covers buildings purchased for the purpose of construction in which work has not yet begun. Plaintiff points to *Assurance Company of America v. Adbar, L.C.* in support of its position. No. 04-1174, 2005 WL 991660 (8th Cir. Apr. 29, 2005). While the underlying insurance contract in *Assurance* was a builder's risk policy, the Eighth Circuit did not consider the issue of whether insurance coverage began before actual construction commenced. Rather, the Eighth Circuit merely interpreted Missouri's "valued policy" statute, and whether the insured was entitled to the declared value of its property or the purchase price of the property. *Id.* at *1. These issues are not before this Court.

Plaintiff also relies on *Bosecker v. Westfield Insurance Company*. 724 N.E.2d 241 (Ind. 2000). As a preliminary matter, *Bosecker* is not binding authority on this Court. Furthermore, the *Bosecker* Court determined the insurance policy at issue was ambiguous, as it contained two provisions that directly contradicted each other. *Id.* at 244-45. Here, no such ambiguity exists.

Additionally, Plaintiff's contention that "in the course of rehabilitation or renovation" should cover any buildings purchased for the purpose of construction in which work has not yet begun is too far-reaching. Under this interpretation, a building could lay vacant indefinitely and still fall within the ambit of insurance coverage. Even if Plaintiff limited its definition of "in the course of rehabilitation or renovation" to cover only the time period right before construction begins on a property, i.e. when construction is imminent; Plaintiff still would not receive coverage under the insurance policy at issue in

4

this summary judgment motion. Here, Plaintiff never performed construction on the Subject Buildings during the applicable policy period. Additionally, it appears no construction has been performed on the Subject Buildings since the applicable policy period ended. Doc. #114-2, page 4. Thus, construction on the subject properties can hardly be considered imminent.

Next, Plaintiff argues the Subject Buildings were "in the course of rehabilitation and renovation" because they were part of a multi-building construction project. Plaintiff maintains that while the Subject Buildings were not under construction during the applicable policy period, another building in the project – Building B – was under construction. However, Building B being under construction has nothing to do with whether the Subject Buildings were under construction. Moreover, Building B was not covered by the insurance policy at issue in this summary judgment motion. *See* Doc. #114-3, page 22.

Additionally, Plaintiff maintains Defendant should be estopped from asserting the "in the course of rehabilitation and renovation" provision. Plaintiff argues Defendant was aware Plaintiff had not begun construction on the Subject Properties, and yet Defendant kept the insurance policies in place. Plaintiff does not cite any legal authority for this position. Further, Defendant's knowledge one way or the other does not affect the unambiguous and enforceable terms of the insurance policy.

Finally, Plaintiff claims Defendant should be estopped from asserting the insurance policy provision because Defendant never inspected the Subject Buildings, which was in contravention of Defendant's policy to inspect newly-insured buildings. Again, Plaintiff cites no legal authority for this position. Regardless, the insurance policy indicates that Defendant has the right, but is not obligated, to inspect Plaintiff's property. Doc. #114-3, page 28; *see also* Doc. #122-3, page 4-5.

In sum, the insurance policy unambiguously states it provides coverage for buildings "in the course of rehabilitation and renovation." No construction work was performed on the Subject Buildings during the applicable policy period, and thus, the insurance policy does not cover Plaintiff's alleged losses during the applicable policy period. Because this provides sufficient grounds for the Court to grant summary

judgment in Defendant's favor, the Court need not address the remainder of Defendant's arguments in support of its Motion for Partial Summary Judgment.[1]

## IV.    Motion to Exclude Plaintiff's Expert Ronnie Cox

In light of the Court granting Defendant's Motion for Partial Summary Judgment, the Court deems Defendant's Motion to Exclude Plaintiff's Expert Ronnie Cox moot.

## V.    Conclusion

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is granted and Defendant's Motion to Exclude Plaintiff's Expert is deemed moot.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 19, 2015             UNITED STATES DISTRICT COURT

---

[1] Defendant moved for partial summary judgment on three grounds. As discussed in this opinion, the Court grants partial summary judgment in Defendant's favor based on the first ground. In its Opposition, Plaintiff argues Defendant has waived its policy defenses. However, Plaintiff makes this argument with respect to Defendant's third ground for partial summary judgment – Defendant's fraud defense. Doc. #118, page 29 ("The waiver of Peerless' claim of fraud…" ). Thus, Plaintiff's argument is not directed at Defendant's first ground for partial summary judgment.